IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID L. TURNER,

                                             OPINION AND ORDER

             Plaintiff,

                                               20-cv-686-bbc

     v.

WARDEN DANIEL WINLESKI, DEPUTY WARDEN
TIMOTHY THOMAS, LT. JACOB LAVOY,
CAPT. PAUL BELOUNGY, SECURITY DIRECTOR
BRIAN CAHAK, CO CHRIS ENDREAS, SGT. OLSON,
SGT. JAMES THORNSEN, LT. TRAVIS HAAG,
T. MILLER, B. MULLER, NURSE PRANGE,
NURSE R. HUNEKE AND DR. HOFFMAN,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a previous order, I explained that pro se plaintiff David L. Turner's complaint violated Rule 20 of the Federal Rules of Civil Procedure because it contained two unrelated lawsuits that could not proceed together. Dkt. #10. Plaintiff has responded to that order, stating that he wants to proceed in separate cases with both of the lawsuits that I identified. In accordance with plaintiff's instructions, I will assign case number 20-cv-686-bbc to plaintiff's claims that he was falsely accused of sexual assault, subjected to an unfair disciplinary hearing, given a punishment of 120 days in segregation and transferred to a different prison. I will screen those claims under 28 U.S.C. § 1915A.

As explained below, plaintiff's allegations are not sufficient to state a claim against any defendant in the 20-cv-686-bbc case. Therefore, that case will be closed.

I will assign case number 20-cv-1083-bbc to plaintiff's claims that he told prison staff

1

that he was suicidal, that staff failed to notify supervisors or medical providers, that staff laughed and yelled at him after he covered his cell window and that they failed to provide him adequate medical treatment after he fractured his arm. Plaintiff will have to submit the filing fee or a motion to proceed without payment of the filing fee before I will screen the claims in his second lawsuit.

## ALLEGATIONS OF FACT

Plaintiff alleges the following facts regarding his claim that he was falsely accused of sexual assault. I accept these allegations as true for purposes of screening the complaint.

In March 2020, plaintiff was transferred to New Lisbon Correctional Institution. On May 1, 2020, defendant Lt. Jacob Lavoy falsely accused plaintiff of sexually assaulting an unnamed individual. Lavoy issued plaintiff a conduct report. Lavoy refused to watch the security video footage from the day of the alleged assault. Plaintiff told defendant Brian Cahak, the security director, that he had been accused falsely, but Cahak just said, "okay."

On June 8, 2020 a disciplinary hearing was held on the conduct report. Defendant Sergeant James Thornson was assigned to act as plaintiff's staff advocate. Before the hearing, plaintiff asked that Lt. Lavoy and his accuser attend the hearing. Plaintiff also asked that the video footage from the day of the alleged assault be reviewed, as well as the alleged New Lisbon police report and PREA report.

The hearing was conducted by defendant Captain Paul Beloungy. When plaintiff arrived for the hearing, he saw that neither Lavoy nor his accuser was present, and that no

evidence had been brought to the hearing. Plaintiff objected to continuing the hearing without evidence, but Beloungy responded that the hearing would proceed with or without plaintiff. Sergeant Thornsen said nothing. Plaintiff was found guilty of the acts charged in the conduct report and was punished with 120 day of segregation.

After plaintiff was found guilty, defendant Lt. Travis Haag called plaintiff's social worker, Mortensen, and demanded that plaintiff be referred for a transfer. Plaintiff told Mortensen that the conduct report was false, but Mortensen referred him for a transfer anyway. Plaintiff appealed to defendant Warden Winleski, and also wrote to Security Director Cahak and Deputy Warden Thomas. He filed several inmate complaints, all of which were rejected by inmate complaint examiners. Plaintiff was transferred to Columbia Correctional Institution in August 2020.

OPINION

Plaintiff contends that defendants violated his due process rights by falsely accusing him of sexual assault, denying him a fair disciplinary hearing, punishing him with 120 days in segregation, rejecting his inmate complaints and transferring him to another prison. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that he was deprived of a liberty or property interest without constitutionally sufficient procedural protections. Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Townsend v. Cooper, 759 F.3d 678, 685 (7th Cir. 2014).

Plaintiff contends that defendant Lavoy deprived him of due process by writing a false

conduct report accusing him of sexual assault. However, falsely accusing a prisoner of an offense, or even filing a false charge or conduct report, does not in itself violate the constitution. Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006) ("[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.") (internal quotations omitted); McPherson v. McBride, 188 F.3d 784, 786-87 (7th Cir. 1999) ("[W]e will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Thus, plaintiff may not proceed with a due process claim against defendant Lavoy.

Plaintiff next contends that defendant Beloungy and Thornsen violated his due process rights by refusing to give him a fair hearing and then punishing him with 120 days in segregation. Plaintiff contends that defendants Warden Winleski, Security Director Cahak, Deputy Warden Thomas and the inmate complaint examiners violated his due process rights by failing to reverse the disciplinary decision or taking any steps to correct obvious violations of plaintiff's rights.

Providing an unfair hearing is not a constitutional violation in and of itself. First, plaintiff must show that the 120 days he spent in segregation deprived him of a liberty interest. An inmate's liberty interest in avoiding segregation is limited. Marion v. Columbia Correctional Institution, 559 F.3d 693, 697 (7th Cir. 2009). Whether a prisoner has a liberty interest implicated by special confinement depends on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). A prisoner's

4

placement in segregation may create a liberty interest if the length of segregated confinement is substantial and the conditions of confinement are unusually harsh. Townsend, 759 F.3d at 687. Plaintiff spent 120 days in segregation which, by itself, is not enough to implicate due process. Hardaway v. Meyerhoff, 734 F.3d 740, 743-44 (7th Cir. 2013) (six-month confinement in segregation does not implicate due process unless conditions are "extreme" and "exceptionally harsh"); Marion, 559 F.3d at 698 (six months in segregation, standing alone, does not trigger due process rights); Stallings v. Best, No. 16 C 11063, 2018 WL 4300488, at *6 (N.D. Ill. Sept. 10, 2018), aff'd, 777 F. App'x 831 (7th Cir. 2019) (no liberty interest based on six-month stay in segregation cell with occasional cockroaches and rodents). And plaintiff does not allege that the conditions during his stay in segregation were unusually harsh. Therefore, plaintiff's allegations do not suggest that he was deprived of a liberty interest.

Even if plaintiff's stay in segregation had deprived him of a liberty interest, his allegations suggest that he was provided all of the process that was constitutionally required. Placement in segregated confinement requires only informal, nonadversarial review, under which the inmate must receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Westefer v Neal, 682 F.3d 679, 685-86 (7th Cir 2012). The prison does not have to permit the inmate to submit evidence, call witnesses, interview witnesses or file an appeal. Id. In this case, plaintiff alleges that he was denied the opportunity to question Lavoy and his accuser and was denied access to video footage.

5

However, plaintiff had no constitutional right to question witnesses or review evidence. He had a right to present a statement, and he was given an opportunity to do so at the hearing.

Plaintiff also has a right to impartial decisionmakers, Wilkinson, 545 U.S. at 226, but his allegations do not suggest that he was denied the procedural protection of an impartial and unbiased decisionmaker. Plaintiff alleges no reason why Beloungy, Thornsen, Winleski, Cahak and Thomas would be biased against him, leaving his accusations based on nothing more than speculation. Plaintiff's allegations are not sufficient to show that he failed to receive the procedural protections he was due.

Plaintiff also contends that defendant Haag violated his due process rights by recommending that he be transferred to a different prison after he was found guilty. However, plaintiff does not have a constitutional right to be at a particular prison, and he has alleged no facts suggesting that Haag acted for retaliatory or other impermissible reasons.

Finally, plaintiff contends that inmate complaint examiners violated his rights by dismissing or denying complaints that he filed about his disciplinary hearing and other matters. To be held liable under § 1983, a defendant must have caused or participated in constitutional violation. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012); Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). Ruling against plaintiff on his inmate complaint or grievance does not qualify as personal involvement in a constitutional violation and is not enough to state a claim. McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Although plaintiff

6

may believe that these defendants should have done more to help him because of their positions within the prison, the Court of Appeals for the Seventh Circuit has rejected the "contention that any public employee who knows (or should know) about a wrong must do something to fix it" and held that "there is no general duty to rescue." Burks, 555 F.3d at 596. In addition, prison officials are under no obligation to provide an effective grievance procedure, or for that matter, any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Therefore, plaintiff has failed to state a due process claim against any defendant.

ORDER

IT IS ORDERED that:

1. Case number 20-cv-686-bbc is assigned to plaintiff David L. Turner's claims that he was falsely accused of sexual assault, subjected to an unfair disciplinary hearing, punished with 120 days in segregation and transferred to a different prison, in violation of his due process rights.

2. Plaintiff is DENIED leave to proceed on any claim in case number 20-cv-686-bbc, and that case is DISMISSED, for plaintiff's failure to state a claim upon which relief may be granted. The clerk's office shall record a strike under 28 U.S.C. § 1915(g).

3.  Case number 20-cv-1083-bbc is assigned to plaintiff's claims that he told prison staff that he was suicidal, that staff failed to notify supervisors or medical providers, that staff laughed and yelled at him after he covered his cell window and that they failed to provide him adequate medical treatment after he fractured his arm.

4.  Plaintiff may have until December 28, 2020, to submit the $402 filing fee for case number 20-cv-1083-bbc or file a motion for leave to proceed in forma pauperis in that case.

Entered this 4th day of December, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge