IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID L. TURNER,

                                                                          OPINION AND ORDER

              Plaintiff,

                                                                           20-cv-1083-bbc

     v.

CO CHRIS ENDREAS, SGT. OLSON,
AND NURSE PRANGE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff David L. Turner is proceeding on Eighth Amendment claims against staff at New Lisbon Correctional Institution. Defendants have filed motions for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #29 and Dkt. #37. Defendants have submitted evidence showing that plaintiff filed only one untimely inmate complaint related to his claims in this case, and he then failed to appeal rejection of the complaint. Accordingly, plaintiff failed to exhaust his administrative remedies, so this case must be dismissed.

OPINION

      A plaintiff who is confined in prison when he files his lawsuit, and who is challenging prison conditions, must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and all necessary appeals.

1

Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Burrell v. Powers, 431 F.3d 282, 284–85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner. The inmate complaint must be filed within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Depending on the complaint examiner's response, a prisoner may appeal immediately or may wait to receive a response from a reviewing authority. Id. § DOC 310.10. If a complaint is rejected as untimely, the inmate may appeal the rejected complaint to the appropriate reviewing authority within 10 days. Id. § DOC 310.10(10).

In this lawsuit, plaintiff alleges that on June 5, 2020, defendants Sergeant Olson and Correctional Officer Chris Endreas responded to his requests for mental health care by laughing at him, taunting him and provoking him to climb onto his sink and fall down. He also alleges that defendant Nurse Prange acted with deliberate indifference to his wrist injury by dismissing his complaints of pain and telling him that nothing was wrong with his wrist. Plaintiff filed one inmate complaint related to his claims against defendants: NLCI-2020-10663. Dkt. #32-2. He filed the complaint on June 22, 2020, and it was rejected by the inmate complaint examiner because it was outside the 14-day deadline. Plaintiff did not

2

appeal the rejection.

Defendants argue that because plaintiff did not appeal rejection of his untimely complaint, he failed to exhaust his administrative remedies. I agree. The complaint review process states that an inmate may appeal a rejected complaint within 10 days, but plaintiff failed to do so. Plaintiff argues that he sent letters to the police department and district attorney's office about defendants' actions, and he also argues that he has documents outside of the prison that would support his claim. However, plaintiff does not say, and has submitted no evidence to suggest, that he filed a timely inmate complaint regarding defendants' alleged actions or that he filed a timely appeal of his rejected complaint. Therefore, defendants have proved that plaintiff failed to exhaust his administrative remedies before filing this lawsuit, so it must be dismissed. His renewed motion for assistance in recruiting counsel will be denied as moot.

## ORDER

IT IS ORDERED that

1. Plaintiff David L. Turner's renewed motion for assistance in recruiting counsel, Dkt. #47, is DENIED.

2. Defendants' motions for summary judgment on exhaustion grounds, Dkt. #29 and Dkt. #37, are GRANTED. This case is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies.

Entered this 24th day of January, 2022.

                    BY THE COURT:

                    /s/

                    _____
                    BARBARA B. CRABB
                    District Judge